# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                        NEWS RELEASE #014

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **26th day of March, 2019**, are as follows:

**BY GUIDRY, J.**:

2018-CA-0534      JUSTIN ULRICH, GWEN ULRICH, RAYMOND AND PAM ALLEMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED v. KIMBERLY ROBINSON, SECRETARY LOUISIANA DEPARTMENT OF REVENUE (Parish of E. Baton Rouge)

This is a direct appeal from the district court's judgment declaring unconstitutional 2015 La. Acts, No. 131, § 1, which amended La. Rev. Stat. 47:6030 by placing a cap on the total amount of solar electric system income tax credits available to Louisiana taxpayers, because it retroactively deprived the plaintiffs of a vested property right and substantially impaired the obligations of private contracts. The district court also implicitly found the plaintiffs had standing to bring the constitutional claim and that a justiciable controversy existed because the constitutional issue was not moot. For the reasons set forth below, we find the district court erred in overruling the Department of Revenue's peremptory exception of mootness. REVERSED.

HUGHES, J., dissents and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2018-CA-0534**

**JUSTIN ULRICH, GWEN ULRICH, RAYMOND AND PAM ALLEMAN,
INDIVIDUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

**VERSUS**

**KIMBERLY ROBINSON, SECRETARY
LOUISIANA DEPARTMENT OF REVENUE**

**ON APPEAL
FROM THE NINETEENTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST BATON ROUGE**

**GUIDRY, J.**

This is a direct appeal from the district court's judgment declaring unconstitutional 2015 La. Acts, No. 131, § 1, which amended La. Rev. Stat. 47:6030 by placing a cap on the total amount of solar electric system income tax credits available to Louisiana taxpayers, because it retroactively deprived the plaintiffs of a vested property right and substantially impaired the obligations of private contracts. The district court also implicitly found the plaintiffs had standing to bring the constitutional claim and that a justiciable controversy existed because the constitutional issue was not moot. For the reasons set forth below, we find the district court erred in overruling the Department of Revenue's peremptory exception of mootness.

**FACTS AND PROCEDURAL HISTORY**

In May and June of 2015, Justin and Gwen Ulrich and Raymond and Pam Alleman (hereinafter "plaintiffs") purchased and installed residential solar systems with the expectation of receiving an income tax credit of up to $12,500 pursuant to

La. Rev. Stat. 47:6030(B)(1).[1] In 2016, when the plaintiffs filed their Louisiana income tax returns for the 2015 tax year, asserting entitlement to the solar electric system tax credits under La. Rev. Stat. 47:6030, the tax credits were denied or reduced by the Department of Revenue, citing Acts 2015, No. 131, which limited the maximum amount of solar tax credits to be granted by the Department of Revenue to $25,000,000. In letters sent by the Department of Revenue to the plaintiffs in August of 2016, they were informed that Act 131 of the 2015 Regular Session had amended La. Rev. Stat. 47:6030 "to establish the maximum amount of solar tax credits that may be granted;" that "[f]or fiscal years 2015-2016 and 2016-2017, the cap limit was $10,000,000 per year;" that "[t]he credits are required to be granted based on a first-come, first served basis;" and that the "cap limits were met prior to [their] claim being filed."[2]

---

[1] Prior to its amendment in 2015, La. Rev. Stat. 47:6030(B)(1) provided as follows:

> Purchased systems. The tax credit for the purchase and installation at a Louisiana residence or for a system which is already installed in a newly constructed home located in Louisiana shall be equal to fifty percent of the first twenty-five thousand dollars of the cost of a system that is purchased and installed on or after January 1, 2008, and before January 1, 2018….

[2] Act 131 of 2015 provided in pertinent part:

> B. (1) Purchased systems. The tax credit for the purchase and installation of a an eligible system at a Louisiana residence or for a system which is already installed in a newly constructed home located in Louisiana shall be subject to the following provisions:
>
> (a) For a system purchased and installed on or after January 1, 2008, and before July 1, 2015, the amount of the credit shall be equal to fifty percent of the first twenty-five thousand dollars of the cost of the system.
>
> * * *
>
> (c) Beginning in Fiscal Year 2015–2016, the maximum amount of tax credits for purchased systems which may be granted by the department on any return, regardless of tax year, shall be as follows:
>
> (i) For tax credits claimed on returns filed on or after July 1, 2015, and before July 1, 2016, no more than ten million dollars of tax credits shall be granted.
>
> (ii) For tax credits claimed on returns filed on or after July 1, 2016, and before July 1, 2017, no more than ten million dollars of tax credits shall be granted.

Essentially then, prior to the 2015 amendment, a residential solar tax credit of $12,500 was available on a $25,000 solar electric system purchased and installed before January 1, 2018. After the 2015 amendment, the tax credit, though still available to some extent, would be granted only on a first-come, first-served basis, and would be limited to an aggregate amount of $25,000,000, which limitation was to be applied on a staggered basis.

The plaintiffs filed separate appeals to the Board of Tax Appeals pursuant to La. Rev. Stat. 47:1625, which appeals remain pending, and made both appeals individually and "on behalf of all others similarly situated."[3] On the same day, the plaintiffs jointly filed the instant class action suit against Kimberly Robinson, in her capacity as Secretary of the Louisiana Department of Revenue, seeking a declaration that Act 131 is unconstitutional pursuant to La. Const. art. I, § 2 to the extent that it deprived the plaintiffs of a vested property right.

---

(iii) For tax credits claimed on a return filed on or after July 1, 2017, no more than five million dollars of tax credits shall be granted.

(iv) The granting of credits shall be on a first-come, first-served basis. If the total amount of credits applied for in any particular fiscal year exceeds the amount of tax credits authorized for that year, the excess shall be treated as having been applied for on the first day of the subsequent year. All requests received on the same business day shall be treated as received at the same time, and if the aggregate amount of the requests received on a single business day exceed the total amount of available tax credits, tax credits shall be approved on a pro rata basis. Beginning in Fiscal Year 2015–2016 any claim or request for an allocation of credits under this Section shall be filed electronically.

(d) There shall be no tax credits authorized, issued, or granted as provided in this Section for systems installed on or after January 1, 2018.

[3] La. Rev. Stat. 47:1625(A)(1) provides:

If the collector fails to act on a properly filed claim for refund or credit within one year from the date received by him or if the collector denies the claim in whole or in part, the taxpayer claiming such refund or credit may appeal to the Board of Tax Appeals for a hearing on the claim filed. No appeal may be filed before the expiration of one year from the date of filing such claim unless the collector renders a decision thereon within that time, nor after the expiration of sixty days from the date of mailing by registered mail by the collector to the taxpayer of a notice of the disallowance of the part of the claim to which such appeal relates.

3

In response to the class action filed in the district court, the Department of Revenue filed declinatory exceptions of lack of subject matter jurisdiction and lis pendens, dilatory exceptions of prematurity and lack of procedural capacity, and peremptory exceptions of improper use of class action procedure. The district court overruled these exceptions, and the Department of Revenue's application for writs from the court of appeal was ultimately denied. *Ulrich v. Robinson*, 17-1119 (La. App. 1 Cir. 11/1/18), ___ So.3d ___, 2018 WL 5732837. However, in its March 27, 2017 judgment overruling the Department of Revenue's exceptions, the district court's judgment stated: "At the [January 23, 2017] hearing, the parties agreed that the named putative class representatives ... have standing to contest the constitutionality of 2015 La. Act 131. The parties also agreed that the only relief that [the plaintiffs] are seeking in this captioned matter is for this Court to declare 2015 La. Act 131 unconstitutional."

The plaintiffs' motion to certify the class was subsequently granted by the district court, which defined the class as consisting of "Louisiana taxpayers that qualified for the La. R.S. 47:6030 Solar Credit between January 1, 2013[,] and June 18, 2015[,] and were denied the Solar Credit due to 2015 La. Act 131." The Department of Revenue appealed that ruling to the First Circuit Court of Appeal, which reversed the district court's decision to certify the class and remanded for further proceedings. *See Ulrich v. Robinson*, 17-1119, p. 12 (La. App. 1 Cir. 11/1/18), ___ So.3d at ___, 2018 WL 5732837 at *6.[4]

The plaintiffs also filed a motion for summary judgment on the basis of their original allegations of unconstitutionality as to Act 131, and additionally pleading that Act 131 violates their due process rights, citing La. Const. art. I, § 2, and impairs

---

[4] The court of appeal denied rehearing on December 27, 2018. On January 23, 2019, the plaintiffs filed in this court an application for supervisory review, which remains pending. *Ulrich v. Robinson*, 19-C-0138.

4

the obligations of contracts, citing La. Const. art. I, §§ 1 and 23. The district court denied the motion, and a case management schedule was entered for a bench trial to be conducted on November 29, 2017.

In the meantime, the Louisiana Legislature enacted 2017 La. Acts, No. 413, eff. June 27, 2017, to provide additional funding for solar tax credits. The Department of Revenue issued letters to the plaintiffs in July 2017 stating in part that Act 413 was intended to "provide additional funding for certain solar energy credit claims," that the plaintiffs' claims were verified or approved for payment or would be reviewed for qualification for additional funding under Act 413, and that there was no "need to file a new claim or submit any additional documentation" unless requested. The letter explained Act 413 provided that all eligible taxpayers would be paid in three equal installments over three fiscal years, commencing with fiscal year 2017-2018 and ending with fiscal year 2019-2020, but limited funding to $5,000,000 per fiscal year.[5]

The Department of Revenue thereafter filed peremptory exceptions of no right of action and mootness, contending that, under Act 413, the plaintiffs will obtain the exact relief they are seeking through the instant constitutional challenge in that they would "receive their entire tax credit, with an initial payment to occur as early as December 2017." The exceptions were referred to the trial on the merits.

The matter proceeded to a bench trial on the issues of constitutionality, as well as the Department of Revenue's peremptory exceptions of no right of action and mootness. The district court granted the plaintiffs' petition for declaratory judgment

---

[5] Dawn Bankston, the Revenue Tax Director for the Compliance Division, testified at trial that she estimated the solar tax credits owed to the plaintiffs would be paid by the Department of Revenue in three yearly installments, the first of which would be paid between December 2017 and January 2018. She explained that no interest would be due so long as the installment was paid within ninety days of October 1st of the fiscal year in which the installment would fall due. *See* La. Rev. Stat. 47:6030(B)(1)(c)(v)(bb) (2017).

and declared 2015 La. Act 131 unconstitutional, adopting the plaintiffs' pretrial and post-trial briefs as its reasons for judgment. According to those briefs, the district court found as follows: (1) Act 131 is unconstitutional under U.S. Const. Amend. V and XIV, § 1, and La. Const. art. I, § 2, because La. Rev. Stat. 47:6030 provides the plaintiffs with a vested property right to the tax credit, and Act 131 applied retroactively to deprive them of the vested right. (2) Act 131 is unconstitutional under U.S. Const. Art. I, § 10 and La. Const. art. I, § 23, because it is a substantial impairment of three contracts: (a) the contract between the State and the taxpayer; (b) the taxpayer's contract for the purchase of the solar energy system; and (c) the taxpayer's financing contract, for which there is no significant legitimate justification and its impact on taxpayers is neither reasonable nor appropriate. (3) Act 413 did not moot the constitutionality of Act 131 because Act 413 does not place the parties in the same position as prior to Act 131 and thus ignores the "time value of money." Although there is no express ruling in the district court's judgment with regard to the Department of Revenue's exceptions, denial of these exceptions is clearly implied in both the adopted reasons of the court, as noted above, and its oral reasons for judgment, in which the court observed that Act 413 was an attempt to give "some type of relief for the plaintiffs to refund them their monies for the same tax credit," but which the court found, given that payment was to be made by installments over a period of years, is "not the same as [as payment] when the individuals installed the solar panels."

The Department of Revenue has appealed the district court's declaration of unconstitutionality to this court under our appellate jurisdiction under La. Const. art. V, § 5(D), which provides in part that a case shall be appealable to this court "if a law or ordinance has been declared unconstitutional…." In its assignments of error, the Department of Revenue asserts the district court erred in finding Act 131

unconstitutional because: (1) the plaintiffs lack standing and no justiciable controversy was presented to the court, in light of the remedial effect of 2017 La. Acts, No. 413, § 1; (2) Act 131 does not apply retroactively, so it was unnecessary to reach the constitutional substantive due process issue; (3) the plaintiffs did not submit clear and convincing proof that Act 131 is unconstitutional; (4) La. Rev. Stat. 47:6030 does not provide taxpayers with a vested property right to the tax credit on the purchase and installation of a solar energy system; (5) any retroactive effect of Act 131 is constitutionally permissible because it is supported by a legitimate legislative purpose and furthered by rational means; (6) La. Rev. Stat. 47:6030 does not constitute a contract between the State and the plaintiffs; and (7) tax legislation affects only incidentally the obligations of private contracts and does not destroy or impair the means or remedy for their enforcement. For the reasons set forth below, we find no justiciable controversy exists because Act 413 intended to, and did in fact, remediate the allegedly unconstitutional aspect of Act 131, i.e., the plaintiffs' claim that imposition of a $25,000,000 aggregate cap eliminated their right to receive a solar tax credit by providing for full repayment of the tax credit albeit over a three or four-year period. Accordingly, we pretermit review of the Department of Revenue's remaining assignments of error.

**LAW and ANALYSIS**

This court conducts a *de novo* review of a judgment that declares a statute unconstitutional. *City of New Orleans v. Louisiana Assessors' Retirement & Relief Fund*, 05-2548, p. 11 (La. 10/1/07), 986 So.2d 1, 12. However, before doing so, this court must address the threshold issue of whether the case presents a justiciable controversy or whether 2017 La. Acts, No. 413 rendered this case moot.

In Louisiana, courts will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. *See*

7

*Cat's Meow, Inc. v. City of New Orleans Through Dept. of Finance*, 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193. To avoid deciding abstract, hypothetical or moot questions, our courts require cases submitted for adjudication to be justiciable, ripe for decision, and not brought prematurely. *Id.*, citing *St. Charles Parish Sch. Bd. v. GAF Corp.*, 512 So.2d 1165 (La. 1987). In relation to declaratory relief, "[a] 'justiciable controversy' connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of a conclusive character." *Id.*, quoting *Abbott v. Parker*, 259 La. 279, 249 So.2d 908 (La. 1971). This court has acknowledged that the doctrine of a "justiciable controversy" is "rooted in our Constitution's tripartite distribution of powers into the executive, legislative, and judicial branches of government." *Id.*, citing La. Const. art. II, § 1.

An issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *Cat's Meow, Inc.*, *supra*; *Perschall v. State,* 96-0322 (La. 7/1/97), 697 So.2d 240. In other words, a case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id.* If the case is moot, then "'there is no subject matter on which the judgment of the court can operate.'" *Id.*, quoting *St. Charles Parish Sch. Bd.,* 512 So.2d at 1171.

Nevertheless, subject matter jurisdiction, once established, may abate if a case becomes moot during the litigation. Thus, the requirements of justiciability must not only be satisfied when the suit is initially filed, but must also remain throughout the course of the litigation up to the moment of final disposition. *Cat's Meow, Inc.*, p. 9, 720 So.2d at 1193. When a challenged article, statute, or ordinance is subsequently

amended or expired, "mootness may result if the change corrects or cures the condition complained of or fully satisfies the claim." *Id.*, p. 9, 720 So.2d at 1194. Also, if the new legislation was specifically intended to resolve the questions raised by the controversy, a court may find that the case or controversy is moot. *Id.* "In such a case, there is no longer an actual controversy for the court to address, and any judicial adjudication on the matter would be an impermissible advisory opinion." *Id.*

However, legislative changes to challenged legislation do not moot the controversy if an exception to the mootness doctrine applies. *Cat's Meow, Inc.*, p. 9, 720 So.2d at 1194. Relevant to the instant case, we have held that, "[w]hen a challenged article, statute, or ordinance is amended or repealed to cure any alleged constitutional defects, a reviewing court should consider two exceptions to the mootness doctrine to determine whether they should dismiss the case as moot. First, the court should consider whether the defendant's voluntary cessation of the alleged violation has mooted the case because the legislative body has eliminated the challenged provisions. Second, the court should consider the nature of the case and determine whether the curative changes leave unresolved collateral consequences." *Cat's Meow, Inc.*, p. 9, 720 So.2d at 1194.

With these principles in mind, we now turn to the question of whether Act 413 in 2017 corrected or cured the condition complained of or fully satisfies the claim and thus renders moot the plaintiffs' case regarding Act 131. The legislature clearly intended to resolve the problem of denied tax credits when it enacted Act 413 in 2017, which added Paragraph (B)(1)(c)(v)(aa), in pertinent part (emphasis supplied):

> Notwithstanding the provisions of Items (i) through (iv) of this Subparagraph, **any taxpayer whose claim for a credit was denied** or would have been denied for any portion of the original claim for a credit pursuant to the provisions of Items (i) through (iv) of this Subparagraph **shall be granted the full amount of the credit** for which the purchased solar energy system is eligible based on the original claim provided the claim relates to a solar energy system that was purchased and installed

9

on or before December 31, 2015, and the claim meets all other requirements.

The district court, though it acknowledged that Act 413 had attempted to grant some relief to the plaintiffs, nevertheless found that Act 413 did not place the plaintiffs back in their original position because the plaintiffs would incur some damages as a result of not receiving their refunds immediately when claimed. Testimony at trial revealed that some plaintiffs had installed the solar panels and made arrangements for payment based on the availability of the tax credit. However, when the tax credit was denied, they were forced to take other measures, including taking out loans at high interest, to pay the installers. The plaintiffs contend that repayment of the tax credit over three or four years following the installation of the solar panels, without interest, placed them in a more onerous position then they would have been in had the tax credit been refunded as originally provided in La. Rev. Stat. 47:6030 prior to Act 131.

The district court in implicitly finding that Act 413 did not render moot the claims related to Act 131 improperly conflated the constitutionality argument relative to Act 131's elimination of the tax credits with the concept of damages and a consideration of whether the enactment of Act 413 made the plaintiffs whole. That the plaintiffs may have incurred financial charges as a result of loans they obtained to purchase the solar electric systems, in anticipation of the tax credit refund that would be repaid to them in 2016 as mandated by La. Rev. Stat. 47:6030(B) and (D) prior to amendment by Act 131, is not relevant to the controversy currently before the court. This is so because the resolution of a constitutional challenge to Act 131 would be the same whether brought by a cash purchaser or a credit purchaser. Here, there can be no doubt that Act 413 corrects or cures the condition of which the plaintiffs complain – i.e., the deprivation of the tax credit by virtue of the cap

10

imposed in Act 131, because Act 413 mandates payment of the "full amount of the credit" to "any taxpayer whose claim for a credit was denied." The denial of the tax credit to these taxpayers because of the exhaustion of the cap is the precise controversy before this court. In their petition, the plaintiffs specifically alleged they were "denied the Solar Credit because 2015 La. Act 131 retroactively applied the cumulative, state-wide cap on the credit of $25,000,000." Act 413, however, clearly reinstated the plaintiffs' right to the full amount of the tax credit. Accordingly, unless an exception applies, the petition presents no justiciable controversy following Act 413 in 2017.

Under the voluntary cessation exception, if a defendant voluntarily stops allegedly wrongful conduct, then the change alone does not render the case moot, because the defendant would then be free to return to his prior conduct. *Cat's Meow, Inc.*, p. 9, 720 So.2d at 1194. Thus, the defendant must demonstrate with assurance that there is no reasonable expectation the alleged violation will recur. *Id.*, p. 10, 720 So.2d at 1194. "[T]he mere power to reenact a challenged article, statute, or ordinance is not a sufficient basis on which a court can conclude that a reasonable expectation of a recurrence exists. This is too speculative. Rather, there must be evidence suggesting that the challenged legislation will likely be enacted." *Cat's Meow, Inc.*, p. 12, 720 So.2d at 1195. Here, there is no reasonable expectation that the alleged violation will recur; therefore, the voluntary cessation exception does not apply. Act 413 restores the plaintiffs' right to receive the tax credits and also establishes a manner to ensure payment. Indeed, the plaintiffs have begun receiving payment of the tax credit pursuant to La. Rev. Stat. 47:6030(B)(1)(b) (2017). That the legislature has the power to reenact the challenged statute is not a sufficient basis on which a court may conclude that a reasonable expectation of a recurrence exists. *Cat's Meow, Inc.*, p. 12, 720 So.2d at 1195. Therefore, the plaintiffs' contention that

11

affirming the district court's judgment "would remove the [state's] ability to 'once again renege on its promise to pay and/or change its minds as to when, if ever, the tax credits will be disbursed'" lacks merit.

Under the collateral consequences exception to mootness, the court must determine the nature of the relief sought by the parties in concluding whether or not a change in the law moots a case. *Cat's Meow, Inc.*, p. 13, 720 So.2d at 1196. If claims for compensatory relief are made in addition to prospective relief, then a change in the law may not moot the case. *Id.* Therefore, "although the primary subject of a dispute has become moot, the controversy is not moot if there are collateral consequences to one of the parties." *Id.*, citing Rotunda & Nowak, Treatise on Constitutional Law, Vol. 1, § 2.13; Chester J. Antieau & William J. Rich, Modern Constitutional Law § 48.32 (2d ed.1997). Such "collateral consequences of the case or controversy give a party a concrete interest in the outcome of the litigation and ensure that the appeal is not moot." *Id.* In *Cat's Meow, Inc.*, the plaintiffs sought a refund of the amusement taxes paid, in addition to a judgment declaring that the City's amusement tax ordinances were unconstitutional. The plaintiffs had paid a substantial sum of money to the City, some of it under protest, and sought a refund thereof. The court reasoned that the plaintiffs, therefore, had a concrete interest in the outcome of the litigation, a consequence that excepted the appeal from being moot. *Id.*, pp. 13-14, 720 So.2d at 1196-97.

Here, the sole relief sought by the plaintiffs was a declaration that 2015 La. Act 131 is unconstitutional. In their petition, the plaintiffs asserted they were entitled to the solar tax credit pursuant to La. Rev. Stat. 47:6030 (2013), but were denied their tax credits because the state-wide cap, allowed only on a first-come, first-served basis, as imposed by 2015 La. Act 131, had been exhausted by the time their tax returns were filed and reviewed. They asserted entitlement to a declaratory judgment

12

"declaring 2015 La. Act 131 unconstitutional to the extent it retroactively deprives taxpayers of property rights to a Solar Credit vested prior to June 19, 2015." As damages, the plaintiffs averred: "As a result of the [Department of Revenue's] application of 2015 La. Act 131's retroactive cap, [the Department of Revenue] is liable unto Petitioners … for payment of all Solar Credit claims brought by the Petitioners…." Furthermore, according to the district court's judgment of March 27, 2017, the parties stipulated "that the only relief that [the plaintiffs] are seeking in this captioned matter is for this Court to declare 2015 La. Act 131 unconstitutional." Thus, unlike the petitioners in *Cat's Meow, Inc.*, the plaintiffs' petition in this case does not assert a secondary claim for compensatory or other monetary relief based on 2015 La. Act 131. *See id.*, pp. 13-14, 720 So.2d at 1196-97. In the absence of such a secondary claim, the collateral consequences exception to the mootness doctrine does not apply in this case.

**CONCLUSION**

For the reasons set forth above, we find the district court erred in overruling the Department of Revenue's peremptory exception of mootness. Because the 2017 amendment to La. Rev. Stat. 47:6030 by Act 413 cured the alleged constitutional issue created by the 2015 amendment to the solar tax credit statute, the instant controversy is moot. In the absence of an applicable exception to the mootness doctrine, this case no longer presents a justiciable controversy. Accordingly, the district court's judgment overruling the exception of mootness and declaring Act 131 unconstitutional is reversed.

**REVERSED**

13

**JUSTIN ULRICH, GWEN ULRICH, RAYMOND AND
PAM ALLEMAN, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED**

**VERSUS**

**KIMBERLY ROBINSON, SECRETARY
LOUISIANA DEPARTMENT OF REVENUE**

**ON APPEAL
FROM THE NINETEENTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF EAST BATON ROUGE**



**HUGHES, J.**, dissenting.

Everyone knows that time is money. Well, almost everyone.

If the State promises A, takes A back, then promises B, the "take back" is mooted only if B equals A.

If one owes another $10 payable in one year, is payment of $3 the first year, $3 the next year, $3 the next year, and $1 the fourth year the equivalent?

It is acknowledged by all, undisputed, and clearly stated in the record that the only issue before the court is the constitutionality of 2015 La. Acts, No. 131, §1, amending La. R.S. 47:6030. Confusing the constitutional issue presented with a non-existent claim for damages or interest simply avoids the constitutional issue.

> "Remember that Time is money."
> "Remember that Credit is Money. If a Man lets his Money lie in my Hands after it is due, he gives me the Interest, or so much as I can make of it during that Time."
> "Remember that Money is of a prolific generating Nature. Money can beget Money, and its Offspring can beget more, and so on."
> "Remember this Saying, *That the good Paymaster is Lord of another Man's Purse.*"
> "The most trifling Actions that affect a Man's Credit, are to be regarded."
>
> **Benjamin Franklin, "Advice To A Young Tradesman" (1748).**